**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-10711

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY HIETMAN, also known as Sealed dft. 4;
JOSEPH LESTER MIXON, also known as Sealed dft. 12,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Texas
(3:95-CR-160-G)

August 4, 1997

Before WISDOM, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Randy Hietman[1] and Joseph Lester Mixon appeal their convictions for conspiracy to

manufacture, to possess with the intent to distribute, and to distribute methamphetamine in

violation of 21 U.S.C.§ 846. Mixon argues that the district court abused its discretion by

allowing evidence that should have been excluded under Federal Rules of Evidence 404(b) and

by failing to give a limiting instruction on extrinsic evidence. Both Mixon and Hietman also

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Hietman asserts that his name has been misspelled throughout the litigation. His name is William Randolph Heitman. Hietman brief. 2 n.1.

argue that the district court abused its discretion by overruling their objection to a testifying witness' statement that he passed a polygraph test and whether the curative instruction given by the district court was sufficient.

## I.

On June 1, 1996, a federal grand jury returned an indictment charging Hietman, Mixon and twelve other individuals with conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine in violation of 21 U.S.C. § 846.[1] The indictment covered the period of Spring 1990 through approximately February 6, 1995. Hietman and Mixon pleaded not guilty to the charges. The case proceeded to trial before a jury, where the defendants were found guilty on the conspiracy count. During the trial, several government witnesses were codefendants who pleaded guilty to conspiracy or another charge, or were unindicted coconspirators. Most of these witnesses testified to engaging in drug transactions with Hietman or Mixon, or of being aware of their drug activities. The essence of the codefendants' testimony was that on several occasions Hietman and/or Mixon would either purchase or sell methamphetamine. The government witness who supplied most of the damaging evidence against Hietman and who also implicated Mixon was Lloyd "Popaw" Shipley, a reputed drug "kingpin" who supplied Hietman with most of the illegal drugs.

## II.

Mixon argues that the district court abused its discretion in admitting certain testimony that should have been excluded under Rule 404(b). Rule 404(b) prohibits the introduction of

---

[1] The indictment also charged Lloyd David Shipley, Tracy Joseph Wagner, Carol Smothermon, Barbara Wilson, Jerry S. Holbrook, Leslie Gene Payne, Troy Dean Compton, Melissa Avery, Curtis Ballard, Dan Ballard, Richard Cleveland, and Cecil Lanford. A second count in the indictment charged Shipley, Wagner, Holbrook, and Payne with carrying and using a firearm during a drug trafficking.

evidence of prior bad acts or crimes in order to show action in conformity therewith. Nevertheless, such evidence may be admissible under the Rule if "the evidence is relevant to an issue other than the defendant's character and if . . . its probative value is not substantially outweighed by its prejudicial impact." *United States v. Ridlehuber*, 11 F.3d 516, 522 (5th Cir. 1993). Rule 404(b) does not, however, apply to intrinsic evidence. *Id.* at 521. "[E]vidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.3d 823, 828 (5th Cir. 1990) (citations omitted).

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. White*, 972 F.2d 590, 598 (5th Cir. 1992). The evidence at issue is: (1) codefendant Troy Compton's testimony concerning his drug transactions with Mixon when Compton was associated with codefendant Dwight Harrell, a two-or-three-month period occurring before Compton obtained methamphetamine from Hietman; (2) codefendant Curtis Ballard's testimony concerning his drug transaction with Mixon's unidentified girlfriend; and (3) Police Detective Jeff Hull's testimony concerning two undercover drug buys he transacted with Mixon during the time of the conspiracy as alleged in the indictment. The district court admitted this evidence, without a limiting instruction, because it concluded that the evidence was intrinsic to, or inextricably intertwined with, the charged offense of conspiracy. Moreover, because the court concluded the evidence was intrinsic rather than extrinsic evidence, a limiting instruction on extrinsic evidence was not necessary. After careful consideration, we conclude that the testimony concerned intrinsic evidence. The acts testified to were all within the time period of the conspiracy, were specifically alleged in the indictment, and included members of the

3

conspiracy. This was sufficient to show that the acts were "inextricably intertwined" with the crimes charged. Thus we hold that the district court did not abuse its discretion when it admitted the disputed testimony into evidence as intrinsic, rather than extrinsic evidence. *Ridlehuber*, 11 F.3d at 521-22

## III.

Next, Hietman's and Mixon's argument that the district court erred by overruling their objections to Shipley's statement that he "passed a polygraph test" is also without merit. First, assuming without deciding that the admission of Shipley's statement was in error, the statement was not evidence that went to guilt or innocence of the defendants, but rather went to the testifying witnesses' credibility. Shipley was a person who had supplied drugs to Hietman[1], but who, at the time he made the challenged statement, was not testifying as a witness to the defendants' role in the crimes for which they were convicted. Rather, he was testifying about a murder that the government was attempting to tie into the drug conspiracy, but for which neither of the defendants had been charged with committing. Second, the district court instructed the jury the following day to limit any consideration of Shipley's polygraph statement to the issue of his credibility only, and if the statement did not help them in determining Shipley's credibility, the statement should be disregarded. Considering the tangential relevance of the murder to the defendants' charges and the plethora of evidence adduced against them, we find that this instruction was sufficient to prevent any prejudice.

Hence, we find Shipley's statement harmless when viewed against the backdrop of Shipley's undisputed role as the "kingpin" of a drug distribution ring and the tangential

---

[1]Some of the drugs Shipley supplied to Hietman were eventually sold to Mixon.

4

relevance of his statement to the issues in the case. *See* FED. R. CRIM. P. 52(a). Moreover, in light of all the evidence adduced at trial, Hietman and Mixon have failed to show how the statement affected their substantial rights. *Id.* We therefore hold that the district court did not abuse its discretion in allowing the testimony.

IV.

Having determined that the district court did not abuse its discretion, we AFFIRM.

AFFIRMED.